IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID WELLINGTON,

      Plaintiff,

v.                                                                  No. 1:22-cv-00069-KK

MTGLQ INVESTORS, LP, and
MARGARET LAKE,

      Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Relief from Judgment, Doc. 1, filed January 31, 2022 ("Complaint") and Plaintiff's Request for Allowance to E-File, Doc. 3, filed January 31, 2022.

This action, *MTGLQ III*, is the third of three related actions in the District of New Mexico. The first action arose out of a foreclosure action filed against *Monica* Wellington in 2017. *See MTGLQ Investors, LP v. Monica Wellington*, No. 1:17-cv-00487-KG-LF ("*MTGLQ I*"). Plaintiff *David* Wellington, the brother of Monica Wellington, filed the second action in state court, which was removed to this Court, seeking to quiet title on the property that was the subject of the foreclosure action in *MTGLQ I*. *See Wellington v. Profolio Home Mortgage Corp.*, No. 1:21-cv-00322-JB-GBW ("*MTGLQ II*").

***MTGLQ I***

United States District Judge Kenneth Gonzales denied Plaintiff David Wellington's motion to intervene in *MTGLQ I* after finding that although Plaintiff David Wellington presented evidence he has an interest in the subject property, he was not entitled to intervene because his interest was adequately represented by Monica Wellington. *See* Doc. 77, filed June 6, 2018, in

*MTGLQ Investors*. Plaintiff did not appeal Judge Gonzales' order denying Plaintiff's motion to intervene. *See Plain v. Murphy Family Farms*, 296 F.3d 975, 980 (10th Cir. 2002) ("An order denying intervention is final and subject to immediate review if it prevents the applicant from becoming a party to an action").

Judge Gonzales subsequently entered a judgment of foreclosure and sale against Monica Wellington and in favor of MTGLQ Investors. *See* Doc. 204, filed December 20, 2019, in *MTGLQ I*. Judge Gonzales also appointed Defendant Margaret Lake as special master to conduct the sale of the subject property, after giving Monica Wellington an opportunity to object to the proposed order appointing Margaret Lake as special master. *See id.*

The Court of Appeals for the Tenth Circuit affirmed the "judgment of foreclosure and sale and other rulings" on March 31, 2021. Doc. 235-1, filed May 5, 2021, in *MTGLQ I*.[1]

On September 15, 2021, Monica Wellington filed a motion to vacate the appointment of Margaret Lake as special master because the Court's order appointing Ms. Lake "did not comply with most of the requirements of" Fed. R. Civ. P. 53. *See* Doc. 242 at 1, in *MTGLQ I*. Judge Gonzales denied the motion to vacate the order appointing Ms. Lake special master after noting that Monica Wellington did not object to the proposed order appointing Ms. Lake special master, discussing Rule 53, and noting that Monica Wellington did not raise the new objections regarding Rule 53 until nearly two years after the Court appointed Ms. Lake special master. *See* Doc. 246 at 5-8, filed January 7, 2022, in *MTGLQ I*.

---

[1] Although *MTGLQ Investors* is still pending in this Court, the Court of Appeals for the Tenth Circuit stated: "Having reviewed the parties' submissions, the record, and the relevant law, we conclude that the only matters left for the district court's determination are ancillary to the Judgment of Foreclosure, and therefore the Judgment is final for purposes of our jurisdiction under 28 U.S.C. § 1291." Doc. 235-1, filed May 5, 2021, in *MTGLQ I.*

2

*MTGLQ II*

Plaintiff filed the second action, *MTGLQ II*, in state court on March 4, 2021, seeking to quiet title on the property that was the subject of the foreclosure action in *MTGLQ I*. *See* Notice of Removal, Doc. 1-1 at 1, filed April 9, 2021, in *MTGLQ II*. United States District Judge James O. Browning dismissed *MTGLQ II* without prejudice after adopting United States Magistrate Judge Gregory B. Wormuth's recommendation that Court dismiss *MTGLQ II* as barred by *res judicata*. *See* Doc. 25, filed January 10, 2022, in *MTGLQ II*.

Plaintiff had also moved to amend his complaint. *See* Doc. 17, filed June 21, 2021, in *MTGLQ II*. Judge Wormuth recommended the Court deny Plaintiff's motion to amend stating:

> The nature of this cause of action is unclear from Plaintiff's proposed amended complaint (see doc. 17-1), but his reply cites to Rule 60(d)(1) of the Federal Rules of Civil Procedure. Doc. 19 at 1. Rule 60(d)(1) provides that the Court may "entertain an independent action to relieve a party from a judgment, order, or proceeding." This provision preserves a historical form of action that is equitable in nature and committed to the discretion of the Court. *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1274 (10th Cir. 1995).
>
> The Supreme Court has observed that independent actions for relief from judgment "should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). It is a remedy reserved for injustices so gross as to justify departing from "rigid adherence to the doctrine of res judicata." *Id*. at 46.
> ....
>
> The requisite elements of an independent action for relief from judgment are: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law. 11 Wright & Miller, *Federal Practice and Procedure* § 2868 (quoting *Nat'l Sur. Co. v. State Bank of Humboldt*, 120 F. 593, 599 (8th Cir. 1903)). Construing Plaintiff's proposed amended complaint liberally, it appears to allege facts bearing on the first three elements, but it does not establish that Plaintiff can satisfy the last two elements.

3

Proposed Findings and Recommended Disposition at 11-13, Doc. 22, filed July 27, 2021 (discussing why the allegations do not satisfy the requisite elements of an independent action for relief from judgment).

Judge Browning denied Plaintiff's motion to amend stating:

Upon de novo review of the proposed amended complaint, the Court agrees with Magistrate Judge Wormuth that D. Wellington's allegations are insufficient to establish that he can meet United States v. Beggerly's very high threshold, whether premised on fraud or on some other grounds. The Court agrees, therefore, that D. Wellington's proposed amended complaint would be subject to dismissal without prejudice ... Plaintiff may file his claim for equitable relief from the judgment in MTGLQ Invs., LP v. Wellington in another action if the Plaintiff thinks he has any more to allege that would satisfy the United States v. Beggerly, 524 U.S. 38 (1998), standard.

Doc. 25 at 14-15.

***MTGLQ III***

Plaintiff brings this action pursuant to Rule 60(d).  *See* Complaint at 1.

Rule 60 contains a saving clause that provides that the rule "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed.R.Civ.P. 60(d). The Supreme Court has explained that "an independent action should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998). To prevent the Rule 60 restrictions from "be[ing] set at naught," independent actions must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *Id.* (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)). Thus, we have noted that the independent-action clause provides only a "narrow avenue." *Buck,* 281 F.3d at 1341.

*Sindar v. Garden*, 284 Fed.Appx. 591, 596-97 (10th Cir. 2008).

The first section of the Complaint seeks "Relief From Judgment."  *See* Complaint at 1-5, ¶¶ 2-22.  Plaintiff alleges:

The judgment in MTGLQ lnvestors v Monica Wellington should clearly not be enforced because MTGLQ Investors does not even legally exist; there was simply no outstanding mortgage balance owed at the time MTGLQ purportedly acquired

4

      the mortgage claim; and the judge handling the matter may have had a financial
      interest in the outcome of the case, which should have caused his recusal.

Complaint at 5, ¶ 22.  Plaintiff also alleges that he "was not a party to the foreclosure case [*MTGLQ I*], and was not allowed to intervene."  Complaint at 3, ¶ 11.  The factual allegations in the "Relief From Judgment" section of the Complaint are in large part identical to the allegations in Plaintiff's proposed amended complaint in *MTGLQ II*, Doc. 17-1, filed June 21, 2021, which Judge Browning found are insufficient to establish that Plaintiff can meet *United States v. Beggerly's* very high threshold.

      The Complaint also contains additional allegations which were not asserted in the proposed amended complaint in *MTGLQ II*.  Plaintiff seeks injunctive relief against Defendant Lake contending that the appointment of the special master did not comply with Fed. R. Civ. P. 53.  *See* Complaint at 5-6, ¶¶ 25-26.  The Complaint does not address Judge Gonzales' discussion of the appointment of the special master in his order denying Monica Wellington's motion to vacate the appointment of special master.  *See* Doc. 246 at 5-8, filed January 7, 2022, in *MTGLQ I*.  Plaintiff also alleges that:

> The foreclosure judgment and sale order also contains a provision which declared 'the sale purchaser shall have a right to immediate possession of the property' and 'any personal property remaining after the occupants vacate shall be deemed abandoned'.
>
> Since this would clearly alter the status quo of unspecified parties (including plaintiff), it is an injunction.  However, this injunction order was issued without any compliance with F.R.Civ.P. 65, was never litigated at all, much less with plaintiff as a party, does not even identify the parties it may apply to, and was issued in favor of (and advocacy for) someone who is unidentified.  The special master would be in charge of enforcing this injunction even though no authority exists for doing so.  This injunction is invalid and should be declared so.

Complaint at 6, ¶¶ 30-31.  The Complaint does not cite any legal authority to support Plaintiff's allegation that the foreclosure judgment is an "injunction" subject to the requirements of Fed. R. Civ. P. 65.

The allegations in the Complaint do not satisfy the requisite elements of an independent action for relief from judgment because they do not show the absence of fault or negligence on the part of Plaintiff and the absence of any adequate remedy at law, or otherwise demonstrate that the judgment should not, in equity and good conscience, be enforced.  The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to meet the *United States v. Beggerly* standard.

**Motion for Leave to File Electronically**

Plaintiff seeks leave to file electronically stating he "is familiar with the CM/ECF system, and is aware of the requirements for uploading PDF files, use of e-signatures, and receiving e-filings and notices by email."

The Court grants Plaintiff permission to file electronically in this case only.  *See* Guide for Pro Se Litigants at 13, District of New Mexico (November 2019) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual.  Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information.  This Order only grants Plaintiff permission to

participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised December 2019).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case. If Plaintiff asserts that this case should not be dismissed, he shall, within 21 days of entry of this Order, file an amended complaint containing factual allegations supporting his response to this Order to Show Cause. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(ii) Plaintiff's Request for Allowance to E-File, Doc. 3, filed January 31, 2022, is **GRANTED.**

*/s/ Kirtan Khalsa*
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**