IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID WELLINGTON,

    Plaintiff,

v.                                                No. 1:22-cv-00069-KK

MTGLQ INVESTORS, LP, and
MARGARET LAKE,

    Defendants.

## ORDER STAYING PROCEEDINGS

*Pro se* Plaintiff is the co-owner of a property that was the subject of a foreclosure action. *See MTGLQ Investors, LP v. Monica Wellington*, No. 1:17-cv-00487-KG-LF ("*MTGLQ I*"). United States District Judge Kenneth J. Gonzales appointed Margaret Lake as Special Master and ordered her to proceed with the sale of the property in accordance with the Judgment of Foreclosure and Sale. *See* Doc. 246, filed January 7, 2022, in *MTGLQ I*.

Plaintiff subsequently brought this action which seeks relief from the judgment in *MTGLQ I* including a ruling that "Defendant Margaret Lake should be determined not to be any actual master, and enjoined from taking any action as any alleged master."[1] Amended Complaint at 1, 8, Doc. 6, filed February 24, 2022.

---

[1] The other relief Plaintiff seeks includes:

> 35. A determination that the judgment entered in the foreclosure case as to any debt or obligation by Monica Wellington, and especially the lien against the real property securing said debt, should not be enforced.
>
> 36. Plaintiff's homestead exemption claim should be recognized and honored against the foreclosure judgment.
> ....

Plaintiff has also filed a Petition with the United States Court of Appeals for the Tenth Circuit which seeks a "writ prohibiting respondent Lake from taking any further actions on the foreclosure judgment." Petition for Writ of Prohibition at 17, Doc. 8-1, filed April 12, 2022 ("Petition").

The Court finds good cause to stay proceedings in this case. Margaret Lake is a Defendant in this case and is the Respondent in Plaintiff's Petition before the Tenth Circuit. Plaintiff seeks, in this case and in his Petition to the Tenth Circuit, to enjoin Ms. Lake from taking any actions as Special Master on the foreclosure judgment. Ms. Lake will, in the absence of a stay, be obligated to litigate the issue in this Court and before the Tenth Circuit. The absence of a stay will also require this Court to decide an issue that may be resolved by the Tenth Circuit. *See Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[i]t is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants").

**IT IS ORDERED** that the proceedings in this case are **STAYED.** Plaintiff shall file a motion to lift the stay after the proceedings in the Court of Appeals for the Tenth Circuit regarding Plaintiff's Petition have been completed.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**

---

38. The injunction order within the judgment about real and personal property possessory rights should be deemed unenforceable since it did not comply with the requirements of F.R.Civ.P. 65, and did not even identify the parties it may apply to.

Amended Complaint at 8.