**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO**

DAVID WELLINGTON,

    Plaintiff,

vs.

MTGLQ INVESTORS, LP, AND
MARGARET LAKE,

    Defendants.

CASE NO.: 1:22-CV-00069-KK

## MOTION TO DISMISS

Defendant MTGLQ Investors, LP ("MTGLQ") hereby moves to dismiss this case *with prejudice* pursuant to Federal Rule of Civil Procedure 12(b)(6) in its entirety as to all defendants.

**I.    INTRODUCTION**

This is the second action attempting to "forum shop" and collaterally attack a judgment that was already entered in a separate case previously removed to this Court and affirmed by the 10th Circuit Court of Appeals (hereinafter "Foreclosure Action").[1] Res judicata bars this action because "the two causes of action are substantially the same, and there has been a final decision on the merits in the first suit." *In re Griego,* 64 F.3d 580, 584 (10th Cir. 1995) (citing *Johnson v. Aztec Well Servicing Co.,* 117 N.M. 697, 699-700, 875 P.2d 1128, 1130-31 (Ct. App. 1994). In addition, Plaintiff's interest was acquired after MTGLQ recorded the Notice of Lis Pendens and therefore Plaintiff is bound by those proceedings. N.M. Stat. Ann. § 38-1-14. Therefore, this action must be dismissed *with prejudice*.

---

[1] See Judgment of Foreclosure and Sale (doc. 204), Case No. 1:17-cv-00487; Order and Judgment, Document 010110461352 (Appellate Case 20-2000) (Filed January 7, 2021).

## II. PROCEDURAL BACKGROUND

This Court has already noted the extensive procedural history concerning the foreclosure of the subject property in this Court's February 3, 2022 Order. [Doc. 5.] In addition, MTGLQ has already litigated the exact same issues in pending Case No. 21-cv-00322 (dismissed, final judgment entered) and Case No. 17-CV-00487 (foreclosure judgment entered, foreclosure sale scheduled for May 6, 2022) ("Foreclosure Action"). This *third* action is obviously an attempt to further delay the foreclosure. In addition, upon information and belief, it provides Plaintiff the opportunity to record another Notice of Lis Pendens clouding title and therefore making it more difficult to sell the subject property. The Court recently denied attempts to postpone or stay the foreclosure sale. See Order [Doc. 253] in Case No. 1:17-cv-00487.

## III. ARGUMENT

This Court already noted why this case should be dismissed in its February 3, 2022 Order [Doc. 5] so MTGLQ will only briefly outline the arguments to avoid undue repetition.

### a. Independent Actions for Relief From Judgment Disfavored.

The Supreme Court has observed that independent actions for relief from judgment "should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47 (1998). It is a remedy reserved for justices so gross as to justify departing from "rigid adherence to the doctrine of res judicata." *Id.* at 46. Here, there is a mortgage loan that is unpaid and therefore allowing the foreclosure does not present a "grave miscarriage of justice."

The rational presented in this second action is the exact same rational presented in his first action, namely, that the subject loan was satisfied by a third party Fannie Mae. See Complaint, ¶¶ 18-19; Proposed Findings and Recommended Disposition, filed January 27, 2021 as Doc. 22 in

Case No. 1:21-cv-00322 (pg. 12). However, as the Proposed Findings pointed out, the allegations must be specific and they must "explain how and when Plaintiff came to discover this information." *Id.* at pg. 14. The complaint still lacks these details.

Further, whether or not a third party paid off the loan is not relevant unless the payment was "made by or on behalf of a party obliged to pay the instrument and to a person entitled to enforce the instrument." NMSA § 55-3-602. Thus, even assuming Fannie Mae paid off the loan (which is denied) this would not constitute payment as to prevent foreclosure or otherwise satisfy the loan unless the payment was made by or on behalf of Plaintiff (which is not alleged) *and* was made to MTGLQ who is the "person entitled to enforce." In other words, just because a third-party tenders funds to another party, including in the event the loan is insured, it does not mean the borrowers no longer owe the funds.

Finally, Plaintiff points to recorded assignments to justify the independent action but these recorded assignments are not "new evidence" since Plaintiff had constructive notice of them before the Foreclosure Action was filed. In any event, even assuming improprieties related to the recorded assignments, that would not prevent foreclosure since the "mortgage follows the note." *HSBC Bank USA v. Wiles,* 468 P.3d 922, 925 (N.M. App. 2020). The key issue is whether MTGLQ had possession of the original note when this action was filed and this issue was adjudicated.

For these reasons, Plaintiff has not established the need to address an injustice so gross as to justify departing from "rigid adherence to the doctrine of res judicata." *Id.* at 46. This case should be dismissed.

**b. Res Judicata Bars Suit.**

Res judicata applies where "the two causes of action are substantially the same, and there

has been a final decision on the merits in the first suit." *In re Griego,* 64 F.3d 580, 584 (10th Cir. 1995) (citing *Johnson v. Aztec Well Servicing Co.,* 117 N.M. 697, 699-700, 875 P.2d 1128, 1130-31 (Ct. App. 1994)).

Here, Plaintiff David Wellington is seeking a judicial determination that "the judgment entered in the foreclosure case as to any debt or obligation by Monica Wellington and lien against the real property securing said debt should not be enforced because: (i) defendant MTGLQ Investors, LP is actually nothing more than an unincorporated association that has no legal existence in New Mexico; (ii) even if it did have any existence, it concealed information that the claim it made had already been satisfied." See Complaint, ¶ 33 [Doc. 1]. It is obvious from reviewing the Complaint that the purpose of the Complaint is to avoid the consequences of the foreclosure already entered in the Foreclosure Action. In fact, the issue of whether MTGLQ "exists" was litigated and the judgment affirmed by the 10th Circuit Court of Appeals. Likewise, the issue of whether the subject loan was "satisfied" was also litigated. For this reason alone res judicata bars this action.

Plaintiff David Wellington may argue that he was not a party to the Foreclosure Action. However, res judicata is applicable if the parties are "the same or in privity." *Johnston,* 117 N.M. 697 at 700, 875 P.2d at 1130. "A person in privity with another is a person so identified in interest with another that he represents the same legal right." *Id.* Here, the District Court denied David Wellington's attempt to intervene in the Foreclosure Action because, as Monica Wellington's brother, his "objective in the case is identical to that of Ms. Wellington."[2] Therefore, there has already been a determination of privity.

---

[2] See Order filed on June 6, 2018, Case No. 1:17-cv-00487, Pg. 6.

Plaintiff may argue that adding Margaret Lake – the court-appointed special master – is a new defendant and therefore adding her changes the analysis. However, Margaret Lake was specifically appointed by the court in the judgment and therefore she is "bound by an earlier judgment." See e.g. *Pelt v. Utah,* 539 F.3d 1271, 1281 (10th Cir. 2008) ("an exception to this rule exists when it can be said that there is 'privity' between a party to a second case and one who is bound by an earlier judgment"). In any event, she is not the one challenging the judgment, Plaintiff is, and he is bound by the judgment. Further, Margaret Lake has not done anything wrong and there is no legal basis to add her as a defendant.

### c. Plaintiff Failed to Notify Counsel of this Suit Demonstrating Improper Intent.

Plaintiff is aware that undersigned counsel is representing MTGLQ in the related litigation matters referred to above. However, Plaintiff failed to notify undersigned counsel of this lawsuit. This further supports that Plaintiff filed this suit to "forum shop" hoping that MTGLQ would not appear to defend.

### d. Appointment of Special Master Within Discretion of Court and Affirmed by 10th Circuit Court of Appeals.

Plaintiff seems to argue that the appointment of the special master did not comply with FRCP 53. Plaintiff seems to argue that this renders the appointment "void." Plaintiff fails to cite to any legal authority supporting the idea that a litigant can file a new case to second-guess an order and appointment of a special master entered in another case. The damaging repercussions of permitting such activity are obvious and dangerous – essentially it would allow any litigant who did not like one ruling to simply file a new action challenging that ruling. There is virtually no limit or end to these kinds of tactics. Judges would be faced with second-guessing each other's rulings and appointments to no end. It usurps the standard procedure of appealing a ruling that a

litigant believes was improper. Here, the attempt is even more egregious because the judgment appointing Margaret Lake as the special master itself was *already affirmed by the 10th Circuit Court of Appeals*! Any argument that the judgment entered in the Foreclosure Action appointing Margaret Lake violated FRCP 53 could have (and should have) been raised on appeal. The judgment has been affirmed.

    **e. Language In Judgment Does Not Support This Action.**

Plaintiff attacks several provisions of the judgment arguing they amount to an "injunction." First, even assuming the relief set forth in the judgment amounts to an "injunction" it would not justify a new action to challenge this relief. As noted, the judgment was affirmed by the 10th Circuit Court of Appeals. To the extent there were any improprieties including failure to comply with any procedural rules, these arguments could have (and should have) been raised on appeal.

Further, any issues related to the power of the special master – including whether occupants must vacate the property, and related issues – are not ripe. The sale has not taken place. Anyone with an interest in the property has the right to redeem and/or make a bid at the foreclosure sale. To the extent the property is redeemed by anyone residing in the property, there would be no need for those people to vacate the property. This illustrates an important issue and problem with the arguments raised by Plaintiff and Monica Wellington in these actions. They have always had a remedy to avoid foreclosure – specifically, they can pay off the loan. They can repay what they borrowed.

Further, there is nothing inappropriate about the language in the judgment. Once the property is sold pursuant to the judgment at the foreclosure sale, the purchaser will own the

property. That is the essence of the foreclosure action. Anyone residing at the property once ownership transfers would have no legal basis to continue residing there.

Finally, the district court presiding over the Foreclosure Action has continuing jurisdiction over the foreclosure sale and enforcement of the judgment. This would include, presumably, any attempt to enforce those provisions of the judgment requiring anyone residing in the property to vacate the property. Plaintiff fails to cite to any legal authority – or otherwise explain – why *this court* rather than the court presiding over the separate action should deal with these issues.

### f. No Evidence or Allegations of "Fraud"

Plaintiff continues to allege "fraud" and/or "misrepresentations" related to the foreclosure judgment. However, these allegations are apparently based on recorded documents and therefore Plaintiff had actual or constructive notice of these recorded documents when the foreclosure was pending.

## IV. CONCLUSION

For these reasons, or any other reasons this Court deems proper, Plaintiff respectfully requests an order dismissing this action *with prejudice*.

Respectfully submitted by:

**HOUSER LLP**

By: */s/ Solomon S. Krotzer*
Solomon S. Krotzer
100 Sun Avenue N.E., Suite 650
Albuquerque, NM 87109
Phone: (949) 679-1111
Facsimile: (949) 679-1112
skrotzer@houser-law.com
*Attorneys for Defendant, MTGLQ Investors, LP*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was electronically filed and mailed via U.S. Mail to the below parties on May 5, 2022.

David Wellington
2124 Altura Verde Lane
Albuquerque, NM 87110
(505) 880-0560

      */s/ Solomon S. Krotzer*
      Solomon S. Krotzer