IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID WELLINGTON,

    Plaintiff,

v.                                                        Case No. 22-cv-0069 KG/KK

MTGLQ INVESTORS, LP, and
MARGARET LAKE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant MTGLQ's Motion to Dismiss for Failure to State a Claim (Doc. 14), Defendant Margaret Lake's Motion to Dismiss for Failure to State a Claim (Doc. 15), and Plaintiff David Wellington's Motion to Disqualify Defendant Lake as Special Master (Doc. 18). The Motions to Dismiss are fully and timely briefed. *See* (Docs. 19, 20, 22). The Motion to Disqualify received a Response but no Reply. *See* (Doc. 21). The Court, having considered the briefing and applicable law, grants Ms. Lake's Motion to Dismiss (Doc. 15), denies Mr. Wellington's Motion to Disqualify (Doc. 18), and otherwise stays this case pending adjudication of Mr. Wellington's bankruptcy case.

This case is at least the third in a series. First, here-Defendant MTGLQ originally brought a mortgage foreclosure action against Monica Wellington, Plaintiff David Wellington's sister and the owner of the property underlying the foreclosure action. *See MTGLQ v. Wellington*, 17-cv-0487 KG/LF (*MTGLQ I*). After initiation of the foreclosure action, Monica Wellington, via a grant deed, added David Wellington as a joint tenant on the property. *See MTGLQ I*, (Doc. 54) at 1–2. Based on that deed, David Wellington has twice attempted to intervene in *MTGLQ I*. (Docs. 54 & 280). The first attempt was denied because the Court found

David Wellington's interests were sufficiently represented by Monica Wellington. *MTGLQ I* (Doc. 77). The second was withdrawn by David Wellington after the Court noticed a hearing on the Motion. *MTLGQ I* (Doc. 282).

In *MTGLQ I*, the Court entered a Judgment of Foreclosure and appointed Margaret Lake as Special Master to sell the property in question. (Doc. 204). Ms. Lake sold the property at auction to the highest bidder, MTGLQ. (Doc. 254). The Court approved the sale, directed Ms. Lake to deliver a Special Master's Deed to MTGLQ, granted MTLGQ the right to possess the property, and discharged Ms. Lake as the Special Master. (Doc. 257).

Monica Wellington, again in *MTGLQ I*, has appealed the Court's rulings multiple times and the Tenth Circuit has, in turn, affirmed the Judgement of Foreclosure and order of sale, *MTGLQ Invs., LP v. Wellington*, No. 20-2000, 856 Fed. Appx. 146 (10th Cir. March 31, 2021) (available at *MTGLQ I* (Doc. 235-1)); affirmed the judgment awarding attorney fees to MTGLQ, *MTGLQ Invs., LP v. Wellington*, No. 21-2017, 854 Fed.Appx. 295 (10th Cir. July 20, 2021) (available at *MTGLQ I* (Doc. 236-1)); and affirmed the approval of the sale and the denial of the challenge to the validity of Ms. Lake's appointment, *MTGLQ Invs., LP v. Wellington*, No. 22-2070, 2022 WL 17660784 (10th Cir. Dec. 14, 2022) (available at *MTGLQ I* (Doc. 271-1)).

Unable to participate directly in those appeals, David Wellington has subsequently brought at least three other actions in this District seeking relief from the judgment and rulings in *MTGLQ I* in one way or another, very often duplicative of the proceedings in *MTGLQ I*. See *David Wellington v. Profolio Home Mortgage Corp. and MTGLQ Investors, LP*, 21-cv-322 JB/GBW (*"MTGLQ II"*); *David Wellington v. MTGLQ Investors, LP and Margaret Lake*, 22-cv-069 KG/KK ("*MTGLQ III*") (the instant case); *David Wellington v. Margaret Lake, MTGLQ Investors, LP, and Solomon Krotzer*, 22-cv-514 KG/KK ("*MTGLQ IV*").

In this case, one form of relief David Wellington seeks is a ruling that "Defendant Margaret Lake should be determined not to be any actual master, and enjoined from taking any action as any alleged master." Amended Complaint (Doc. 6) at ¶ 37. That claim is the subject of Ms. Lake's Motion to Dismiss (Doc. 15). David Wellington essentially renews that issue in his Motion to Disqualify Defendant Lake as Master (Doc. 18), which demands Ms. Lake disqualify herself or the Court order her disqualification as Special Master (in a different action to which Mr. Wellington is not a party).

The claims brought and issues raised by David Wellington related to Ms. Lake are moot because Ms. Lake has completed her appointment and has been discharged as the Special Master, which renders the requested remedy impossible. That is nothing to say of the fact that the challenge to the validity of her appointment is duplicative of that adjudicated in *MTGLQ I* and is therefore barred by claim preclusion. *See Lewis v. Cir. City Stores, Inc.*, 500 F.3d 1140, 1147 (10th Cir. 2007) ("In deciding the claim-preclusive effect of a federal diversity judgment, we generally adopt the law that would be applied by state courts in the State in which the federal diversity court sits." (citation omitted)); *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) ("In New Mexico, res judicata is applicable if the parties to the two separate actions are the same or in privity, the two causes of action are substantially the same, and there has been a final decision adjudicated on the merits in the first suit." (quoting *Johnson v. Aztec Well Servicing Co.*, 1994-NMCA-065, ¶ 6)). Because David Wellington is in privity with Monica Wellington, *see MTGLQ I* (Doc. 77), the final rulings in *MTGLQ I* are, indeed, final as to David Wellington.

Based on the grounds of mootness and claim preclusion, the Court grants Ms. Lake's Motion to Dismiss and denies David Wellington's Motion to Disqualify.

The remaining relief requested by David Wellington is:

    35. A determination that the judgment entered in the foreclosure case as to any debt or obligation by Monica Wellington, and especially the lien against the real property securing said debt, should not be enforced.

    36. Plaintiff's homestead exemption claim should be recognized and honored against the foreclosure judgment.

    …

    38. The injunction order within the judgment about real and personal property possessory rights should be deemed unenforceable since it did not comply with the requirements of F.R.Civ.P. 65, and did not even identify the parties it may apply to.

(Doc. 6) at ¶¶ 35–38.

    Defendant MTGLQ filed a Motion to Dismiss (Doc. 14) addressing those claims for relief. The Court is persuaded that the claim in paragraph 38 about an alleged injunction fails to state a claim because there was no injunction issued in *MTGLQ I*; that all the claims about *MTGLQ I* are an improper independent action for relief from judgment, *e.g.*, *United States v. Beggerly*, 524 U.S. 38, 47 (1998); and that the claim in paragraph 35 related to the Judgment of Foreclosure in *MTGLQ I* is barred by claim preclusion.

    Nonetheless, the Court does not enter any ruling related to those claims or MTGLQ's Motion at this time because the Court is aware that David Wellington recently filed for Chapter 13 bankruptcy. *See In re David H Wellington II*, 23-10108-t13 (Bankr. D.N.M. filed Feb. 14, 2023). A bankruptcy claim operates as an automatic stay of any "act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). While the Court cannot be certain the instant action is encompassed by the automatic stay, or that the underlying

property will properly be part of the bankruptcy estate, it determines that at the very least David Wellington's claim for a homestead exemption related to the underlying property will likely be raised in the bankruptcy case.

To avoid entering any decisions which will be rendered void by the automatic stay, the Court will enter a stay in this action, inclusive of MTGLQ's Motion to Dismiss (Doc. 14).

IT IS, THEREFORE, ORDERED THAT:

(1) Defendant Margaret Lake's Motion to Dismiss (Doc. 15) is granted on the grounds that David Wellington's claims against her are moot and barred by claim preclusion ;

(2) David Wellington's Motion to Disqualify Defendant Lake as Special Master is denied as moot and barred by claim preclusion;

(3) All claims related to Ms. Lake are dismissed with prejudice as futile;

(4) The remainder of this case is automatically stayed by David Wellington's bankruptcy filing; and

(5) The parties shall notify the Court when it is relieved of the automatic stay, for example by discharge or by a finding that the underlying property is not part of the bankruptcy estate.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE