IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID WELLINGTON,

     Plaintiff,

v.                                         Case No. 22-cv-0069 KG/KK

MTGLQ INVESTORS, LP, and
MARGARET LAKE,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter is before the Court on Defendant MTGLQ Investors, LP's Motion to

Dismiss for Failure to State a Claim (Doc. 14). That Motion is fully and timely briefed. (Docs.

20, 22). Having considered the briefing, the applicable law, and the record of this and the related

cases, the Court grants the Motion. Plaintiff David Wellington's subsequently filed Motion to

Vacate Injunction (Writ of Assistance) (Doc. 27) is denied as moot and his Motion for Leave to

File Amended and Supplemental Complaint (Doc. 29) is denied as futile.

I.    *Background*

     The Court notes that in its last Memorandum Opinion and Order, it acknowledged

Plaintiff David Wellington's bankruptcy petition and entered a stay on this case. (Doc. 25) at 4–

5. MTGLQ recently notified the Court that the bankruptcy case was dismissed. (Doc. 28)

(citing Order Dismissing Bankruptcy Case, Doc. 13, filed April 19, 2023, in *In re David H*

*Wellington II*, 23-10108-t13 (Bankr. D.N.M. filed Feb. 14, 2023)). The bankruptcy action

having been dismissed, this Court hereby lifts the stay in this case.

     As the Court comprehensively explained in its last Memorandum Opinion and Order

(Doc. 25), this case is the third in a series of four. The original case was a foreclosure action

brought by MTGLQ Investors, LP against Monica Wellington, David's sister. *See MTLGQ Investors, LP v. Monica Wellington*, 17-cv-487 KG/LF ("*MTGLQ I*"). After MTGLQ brought the foreclosure action, Monica Wellington, via a grant deed, allegedly added David Wellington as a joint tenant on the property. *See MTGLQ I*, (Doc. 54) at 1–2. Based on that deed, Mr. Wellington has introduced great mischief into an otherwise straightforward foreclosure action. He has twice attempted to intervene in *MTGLQ I*. (Docs. 54 & 280). The first attempt was denied because the Court found David Wellington's interests were sufficiently represented by Monica Wellington. *MTGLQ I,* (Doc. 77). The second was withdrawn by David Wellington after the Court noticed a hearing on the Motion. *MTLGQ I,* (Doc. 282).

Unsuccessful at intervention, Mr. Wellington has brought three different cases in this District attempting to undue the foreclosure sale and eviction in *MTGLQ I*. *See Wellington v. Profolio Home Morgtage Corp.*, 21-cv-322 JB/GBW ("*MTGLQ II*"); *David Wellington v. MTGLQ Investors, LP et al.*, 22-cv-0069 KG/KK ("*MTGLQ III*") (the instant case); *David Wellington v. Margaret Lake, MTGLQ Investors, LP, and Solomon Krotzer*, 22-cv-514 KG/KK ("*MTGLQ IV*").

This case, *MTGLQ III*, brings two claims. The Amended Complaint here does not explicitly delineate different claims, but as suggested in the title—"First Amended Complaint for Relief from Judgment and Claim for Homestead Exemption"—the complaint raises two distinct legal issues, and the Court will treat them separately. *See* (Doc. 6) at 1. The second "claim" is the smaller one and cursorily asserts Mr. Wellington's supposed right to a homestead exemption in the foreclosure judgment in *MTGLQ I*. (Doc. 6) at ¶¶ 23, 24, 36.

The bulk of the Amended Complaint is an independent action for relief from judgment brought pursuant to Fed. R. Civ. P 60(d). *Id.* at ¶ 1. It seeks to undue the judgment of

foreclosure entered in *MTLGQ I*.  As relief, Mr. Wellington sought, in part, a ruling that "Defendant Margaret Lake should be determined not to be any actual master, and enjoined from taking any action as any alleged master."  The Court previously dismissed that portion of the claim as moot and *res judicata* and dismissed Ms. Lake from this case.  (Docs. 25, 26).

> Now, MTGLQ's Motion to Dismiss addresses the remaining claims for relief, which are:

> 35. A determination that the judgment entered in the foreclosure case as to any debt or obligation by Monica Wellington, and especially the lien against the real property securing said debt, should not be enforced.

> 36. Plaintiff's homestead exemption claim should be recognized and honored against the foreclosure judgment.

> …

> 38. The injunction order within the judgment about real and personal property possessory rights should be deemed unenforceable since it did not comply with the requirements of F.R.Civ.P. 65, and did not even identify the parties it may apply to.

(Doc. 6) at ¶¶ 35–38.

II.    *Analysis*

The Court grants the Motion to Dismiss because Mr. Wellington does not have standing to bring a Rule 60 claim.  Alternatively, this action fails the Rule 60 standard and is barred by the principal of *res judicata,* or claim preclusion, and it fails to state a claim as a matter of law in certain instances.  Finally, Mr. Wellington improperly asserts a homestead exemption.

A.    *Rule 60 Independent Action for Relief from Judgment*

Rule 60 "provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010) (text only).  Those limited circumstances are enumerated in subsection 60(b) and include things like: "mistake," "newly discovered evidence," "fraud," a judgment being "void," a judgment being "satisfied" or "vacated," or "other reasons justifying relief."  Fed. R. Civ. P. 60(b).

Generally, a Rule 60 motion arises in the same case as the final judgment being challenged, but occasionally one may be permitted as a separate action entirely.  Mr. Wellington styles his complaint as one such "independent action for relief from judgement" arising under Rule 60(d).

        i.     *Mr. Wellington Lacks Standing*

The Court concludes that Mr. Wellington does not have standing to bring this Rule 60 action for relief from judgment.[1]  Rule 60 requires that the movant be a party to the original matter being challenged.  Rule 60(b) states that, "on motion and just terms, the court may relieve *a party or its legal representative* from a final judgment ...." Fed. R. Civ. Proc. 60(b) (emphasis added).  Rule 60(d) is even more limited, allowing "an independent action to relieve *a party* from judgment." Fed. R. Civ. Proc. 60(d) (emphasis added).  Thus, the "general rule" is that only parties to the underlying action have standing to seek Rule 60 relief.  *See Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 679 (D.N.M. 2017); *also Johnson v. Internal Revenue Serv.*,

---

[1] Defendants did not raise standing in their Motion to Dismiss (Doc. 14), but it "is well established that any party, including the court *sua sponte,* can raise the issue of standing for the first time at any stage of the litigation." *New England Health Care Emps. Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008).

No. 2:20-CV-00090-HCN-DAO, 2021 WL 3134277, at *6 (D. Utah Jan. 29, 2021)

(citing *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 940 (6th Cir. 2013)).

There is one possible exception recognized by some courts when "a nonparty is in some form of close privity with a named party or where the nonparty's interests were directly or strongly affected by the judgment." *Johnson*, 2021 WL 3134277, at *6 (quoting *Bridgeport Music*, 714 F.3d at 940–41). The exception, however, is "exceedingly narrow" and "limited to circumstances where the nonparty's rights were not adequately represented by the parties." *Id.* (citations omitted). Here, this Court ruled that Mr. Wellington's rights were adequately represented by Ms. Wellington when it denied his Motion to Intervene, so this exception does not apply to Mr. Wellington. *MTGLQ I*, (Doc. 77).

Otherwise, "intervention is the method by which a nonparty achieves standing to make a Rule 60(b) motion." *Payne*, 322 F.R.D. at 680. Mr. Wellington has twice sought intervention in *MTGLQ I*. He has had his opportunity to raise these arguments. Now he lacks standing to bring a Rule 60 independent action—especially in what appears to be an attempt to evade and relitigate the Court's prior rulings and to delay justice in the underlying case.

ii.   *The Action is Barred by Claim Preclusion*

Alternatively, if Mr. Wellington does have standing, his action is clearly barred by claim preclusion and fails the Rule 60 standard.

An initial note: Mr. Wellington  styles his complaint as arising under Rule 60(d). That subsection is titled "Other Powers to Grant Relief" and states: "This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). The Tenth Circuit has said that "[n]o such thing as a Rule 60(d)(1) motion actually exists." *McIntosh v. Pruitt*, 832 Fed.Appx. 540, 542 n.1 (10th Cir.

2020).  In a recent case, another court in this Circuit instead construed a self-styled Rule 60(d)(1) motion as a Rule 60(b) motion.  *United States v. Solarin*, No. 21-1090, 2021 WL 2879134, at *3 (10th Cir. July 9, 2021) (describing unpublished district court order).  So, this Court will also construe this action as brought pursuant to Rule 60(b).

Regardless of the rule cited, it is clear that independent actions for relief do, in fact, exist, and face a very high standard.  *See United States v. Beggerly*, 524 U.S. 38, 45 (1998).  In *Beggerly*, the Supreme Court addressed an independent action for relief—again by reference to the enumerated reasons in Rule 60(b)—and  declared that, "Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of injustice which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata."  *Id*. at 46 (text only).  Or, more succinctly: "[a]n independent action should be available only to prevent *a grave miscarriage of justice*."  *Id*. at 47 (emphasis added).

Adding it all up, the Court reads the rules as recognizing a sliding scale between claims which are barred by claim preclusion and claims which merit reconsideration based on a grave miscarriage of justice.  The Court concludes that this Rule 60 independent action clearly falls on the claim preclusion end of the spectrum and does not show grave injustice would result from allowing the *MTLGQ I* judgment to stand.  In the first instance, Mr. Wellington was not a party to *MTGLQ I*, and after attempting to intervene in that case, he brought this action as an end-around way to involve himself in that case.  His claim does not raise new facts, changes in the law, or even issues which are unique to him the (homestead exemption issue excepted).  Instead, he raises substantive issues which have repeatedly been heard and rejected by multiple courts.  That these issues are re-arguments of questions already adjudicated inherently means no grave miscarriage of justice is implicated.  Due process has been afforded.

In fact, raising the same arguments repeatedly in different cases not only fails to prove a grave miscarriage of justice, but it makes the drumbeat of claim preclusion echo louder and louder. The Court affirmatively concludes that the claims brought here are barred by claim preclusion. *See In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) ("In New Mexico, res judicata is applicable if the parties to the two separate actions are the same or in privity, the two causes of action are substantially the same, and there has been a final decision adjudicated on the merits in the first suit." (quoting *Johnson v. Aztec Well Servicing Co.*, 1994-NMCA-065, ¶ 6)).

This action is barred in myriad ways by claim preclusion because of the numerous previous versions of the arguments raised. Mr. Wellington's legal theory is that "MTGLQ Investors does not even legally exist; there was simply no outstanding mortgage balance owed at the time MTGLQ purportedly acquired the mortgage claim; and the judge handing the matter may have had a financial interest in the outcome of the case, which should have caused his recusal." (Doc. 6) at ¶ 22. Some iteration of this theory has been raised and rejected repeatedly in both this Court and the Tenth Circuit. First by Monica Wellington in *MTGLQ I*. *See, e.g.*, Motion to Dismiss (Doc. 9) (arguing MTLGQ does not have standing to enforce note and that documents were altered or fabricated); Memorandum Opinion and Order (Doc. 71) (denying Motion to Dismiss); *MTGLQ Invs., LP v. Wellington*, No. 20-2000, 856 Fed. Appx. 146 (10th Cir. March 31, 2021) (affirming the Judgement of Foreclosure, rejecting arguments that MTGLQ was not a real party in interest and lacked standing to enforce the Note); Motion for Relief from Judgment (Doc. 285) (repeating arguments); Summary Order (Doc. 286) (denying Motion in part for duplicating prior arguments).

And second by David Wellington in *MTGLQ II*. *See*, Complaint (Doc. 1-1); Proposed Findings and Recommended Disposition (Doc. 22) at 9–10 (recommending dismissal of action

under claim preclusion because the theory that MTGLQ is not a valid entity and has no valid

claim on the property was already litigated in *MTGLQ I*);  Memorandum Opinion and Order

Adopting Magistrate's Proposed Findings and Recommended Disposition (Doc. 25) at 11

(adopting *res judicata* analysis).  This independent action for relief from judgment is patently

barred by claim preclusion.

      As a final note on the action for relief from judgment, the Court additionally is persuaded

the claim in paragraph 38 about an alleged injunction fails to state a claim because there was no

injunction issued in *MTGLQ I*.

      B.     *The Homestead Exemption Claim*

      Mr. Wellington also invokes the homestead exemption.  *See* (Doc. 6) at ¶¶ 23, 24, 36.

The Court concludes this attempt to assert the exemption fails for several reasons.  First, it is

improperly raised in a collateral action.  Homestead exemptions in a foreclosure case, under New

Mexico law, must be raised in an answer to the foreclosure suit.  NMSA 1978 § 39-4-15.  Mr.

Wellington argues he was "excluded" from the foreclosure case and has been "precluded from

asserting" the exemption before.  (Doc. 6) at ¶¶ 23, 24.  This is not true.  He was not excluded

from the foreclosure case.  He availed himself of the opportunity to seek intervention, and in that

motion, he did not raise the homestead exemption.  *See MTLGQ I*, (Doc. 54).  In this way, the

exemption has been waived.  *See US Life Title Ins. Co. v. Romero*, 1982-NMCA-068 (holding

that to be entitled to a homestead exemption under § 39-4-15, a party had to claim the exemption

in their answer to a foreclosure action; otherwise, they could not claim it).  Moreover, the

exemption claim is late.  The Final Judgment of Foreclosure was entered on December 20, 2019.

*MTGLQ I*, (Doc. 204).  Mr. Wellington filed this case on January 31, 2022 - over two years after

judgment was entered.[2]

*   *   *

For all these reasons, the Court grants MTLGQ's Motion to Dismiss (Doc. 14).  Because

those claims are barred as a matter of law—either for lack of standing, as barred by claim

preclusion, as improperly brought, or waived—any amendment would be futile, and therefore the

claims are dismissed with prejudice.  *See N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1235

n.22 (10th Cir. 2021) (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir.

2006)).

     C.    *The Motion to Vacate*

Given the dismissal of all claims, the Court denies Mr. Wellington's recent Motion to

Vacate Injunction (Writ of Assistance) (Doc. 27) as moot.  Were it not moot, the Motion would

be subject to summary denial because it seeks relief that is wholly separate from any relief

sought in the Complaint without seeking leave to amend the Complaint.  *See, e.g., Lystn, LLC v.*

*Food & Drug Admin.*, No. 19-CV-01943-PAB-KLM, 2019 WL 6038072, at *2 (D. Colo. Nov.

14, 2019) (concluding same).

     D.    *The Motion for Leave to File Amended and Supplemental Complaint*

Finally, Mr. Wellington's Motion for Leave to File Amended and Supplemental

Complaint (Doc. 29) is denied because it would still be futile.  The proposed Second Amended

Complaint attached to the Motion attempts to add Rushmore Loan Management, LLC as a

---

[2] Which is to say nothing of the fact that Mr. Wellington has not persuaded the Court that he is
even entitled to the homestead exemption.  Adding a second person to a deed *after* the
foreclosure process begins only to potentially claim double the homestead exemption seems to
undermine the foreclosure process.

9

Defendant and adds to the requested relief that "[a]ny rights in the property of Rushmore Loan Management be determined." (Doc. 29-1) at 8. This theory was already the subject of Monica Wellington's Motion for Relief from Judgment. *MTGLQ I*, (Doc. 285). The Court denied that Motion. *Id.* (Doc. 286). Thus, that issue, like the remainder of the proposed Amended Complaint, is barred by claim preclusion. Therefore, the Motion is denied.

IT IS, THEREFORE, ORDERED THAT:

(1)     Defendant MTGLQ's Motion to Dismiss (Doc. 14) is granted;

(2)     All remaining claims are dismissed with prejudice as futile;

(3)     Mr. Wellington's Motion to Vacate (Doc. 27) is denied as moot; and

(4)     Mr. Wellington's Motion for Leave to File Amended and Supplemental Complaint (Doc. 29) is denied as futile.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE